[860 NYS2d 566]

In the Matter of ARTHUR SHTAYNBERG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 10, 2008

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Chris G. McDonough*, Melville, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing one charge of professional misconduct. After a prehearing conference on August 15, 2007, and a hearing on October 10, 2007, the Special Referee sustained the charge. The Grievance Committee moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper under the circumstances. The respondent does not oppose the Special Referee's finding but submits that there are mitigating circumstances which warrant the issuance of a public censure.

Charge one alleges that the respondent has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

In or about 2003, the respondent and others were indicted by the Attorney General in Queens County as part of an insurance fraud conspiracy.

On or about September 5, 2006, the respondent entered a plea of guilty in the Supreme Court, Queens County, before Justice Arthur Cooperman, to count 100 of the indictment, which charged a violation of Judiciary Law § 482, "Employment by attorney of person to aid, assist or abet in the solicitation of business or the procurement through solicitation of a retainer to perform legal services," a class A misdemeanor. The respondent was given a conditional discharge, ordered to perform 300 hours of community service, and directed to pay a fine of $1,000 and a surcharge of $110.

Based upon the uncontested evidence and the respondent's admissions, the Special Referee properly sustained the charge and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent submits that a public censure would amply serve to ensure that such conduct will not be repeated and that the public will be properly protected. According to the

respondent, he and his family have suffered through years of worry and concern over this situation, which has tarnished his personal and professional reputation. In addition, the respondent points out that he recently lost his father and grandmother, leaving him as the sole support for his mother and sister as well as his wife and two children. He maintains that this experience has left a deep and lasting impression on him and that he is remorseful and understands the importance of acting in full compliance with all ethical strictures.

The respondent's disciplinary history consists of a letter of caution dated December 30, 2005, for a pattern of delayed filings of retainer and closing statements, in violation of 22 NYCRR 691.20. The respondent blamed the tardy filings on untrained, incompetent staff.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.